XAVIER BECERRA
Attorney General of California
DANIEL ROGERS
Supervising Deputy Attorney General
CHRISTOPHER P. BEESLEY
Deputy Attorney General
State Bar No. 236193
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 738-9161
 Fax: (619) 645-2191
 E-mail: Christopher.Beesley@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVEN ERIC GOULD,** | SACV 19-1870-JGB (JC) |
| Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS** |
| v. | |
| **THE PEOPLE OF THE STATE OF CALIFORNIA,** | |
| Respondent. | |

Petitioner Steven Gould has filed a petition for relief under 18 U.S.C. § 2241, in which he has named the People of the State of California as the Respondent and challenges his extradition from California to Clark County, Nevada. (Doc. 1 at 1-2.)

As a preliminary matter, Gould has named the wrong respondent. "Where a prisoner files an action under section 2241, 'the prisoner must name the warden of the penitentiary where he is confined as a respondent.'" *Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003), quoting *Allen v. State of Oregon*, 153 F.3d 1046, 1050 (9th Cir. 1998). "The People of the State of California" is not the name of a

1

1  custodian. "Failure to name the petitioner's custodian as a respondent deprives
2  federal courts of personal jurisdiction." *Johnson*, at 1153, quoting *Stanley v.*
3  *California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994); *see also Dunne v.*
4  *Henman*, 875 F.2d 244, 249 (9th Cir. 1989). The instant matter should therefore be
5  dismissed for lack of personal jurisdiction.

6  Setting aside Gould's having named the wrong respondent, even more fatal to
7  his petition is the fact that he is no longer in California state custody under any state
8  action. Instead, he is in custody in Clark County, Nevada, where he is facing
9  pending charges in that state. (Lodgments 1 and 2.) His challenge here is to the
10 extradition proceedings that resulted in his transfer from California to Nevada. (See
11 Lod. 3.) That challenge is moot.

12 A case is considered moot "where the issues are no longer live or the parties
13 lack a legally cognizable interest in the outcome." *Sample v. Johnson*, 771 F.2d
14 1335, 1338 (9th Cir. 1985). A federal court has no jurisdiction to decide a moot
15 case because the Constitution limits the jurisdiction of the federal courts to actual
16 cases and controversies. *Id*.

17 The test for mootness is whether a court can grant any effective relief even if it
18 decides the matter in the petitioner's favor. *Reimers v. Oregon*, 863 F.2d 630, 632
19 (9th Cir. 1988). Invalid extradition cannot serve as a basis for habeas corpus relief
20 once a fugitive has been returned to the jurisdiction from which he has absented
21 himself. *Weilburg v. Shapiro*, 488 F.3d 1202, 1206 (9th Cir. 2007). Thus, even if
22 this Court were to find the extradition proceedings that resulted in Gould's return to
23 Clark County to be invalid, there is no legal remedy available on habeas corpus. *See*
24 *id.* The claim is moot. *See Reimers v. Oregon*, 863 F.2d at 632.

25 While there is an exception to the mootness doctrine for issues "'capable of
26 repetition, yet evading review[,]'" *Reimers v. Oregon*, 863 F.2d at 632, that
27 exception is inapplicable here. The exception to the mootness doctrine is
28 inapplicable where the possibility of recurrence depends on the petitioner

committing another crime. *Id*. Here, Gould could only be subject to extradition proceedings again if he escaped from custody in Clark County, which would be a violation of Nevada Revised Statutes, section 212.090, and fled to a different jurisdiction. As was the petitioner in *Reimers*, Gould is "able, and indeed is required by law, to prevent this from occurring." *See Reimers*, 863 F.2d at 632; *Cox v. McCarthy*, 829 F2d 800, 804, n. 3 (9th Cir. 1987) (courts are generally "reluctant to invoke the capable-of-repetition doctrine when the possibility of recurrence for the plaintiff depends on his own wrongdoing"). The petition is moot and should be dismissed as such.

Dated:  November 19, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DANIEL ROGERS
Supervising Deputy Attorney General


**s/ Christopher P. Beesley**
CHRISTOPHER P. BEESLEY
Deputy Attorney General
*Attorneys for Respondent*

cpb/mis
SD2019800733
82239898.docx